NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Faith S. Hochberg |
| v. | : Criminal No. 07-748 (FSH) |
| EDWIN GONZALEZ, | : **OPINION** |
| Defendant. | : Date: October 31, 2008 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Defendant's motion to bar introduction of the audio recording of a body wire microphone worn by an undercover informant which picked up the words of co-conspirator Jose "Elvin" Benitez when Benitez was in a public restaurant talking to the undercover informant. While at the table, Benitez began to speak into his cellular telephone. The body wire microphone picked up Benitez's words spoken at the table, including those he spoke out loud into his cell phone in front of the undercover informant. Defense counsel did not seek to suppress the testimony of the witness recounting the words of Benitez about the planned drug deal, including the words spoken into the phone. The sole application to the court is to bar the actual recording of the body wire, with the claim that it violates the wiretap statute, 18 U.S.C. § 2511.

I.    **Factual and Procedural Background**

Defendant is on trial on a single count indictment for conspiracy to distribute and possess with intent to distribute heroin.  During the course of the trial, the Government introduced testimony of Angel Perez, the undercover informant.   Perez testified without opposition about a conversation between himself and a co-conspirator of the defendant, Jose 'Elvin' Benitez, while in a restaurant.  Perez wore a consensual 'body wire' which picked up the conversation of himself and co-conspirator Benitez at the restaurant table.  The Defense did not object to the testimony of what Perez heard Benitez say into his cell phone during that conversation; the objection is solely to the use of that portion of the audio recording to corroborate Perez's testimony.  The body wire on the informant Perez picked up Benitez's words as he was speaking on his cellular telephone; it did not record what was said on the other end of the phone.  Cell phone records were later introduced from which the jury could infer that the defendant was on the other end of the line.

In support of his motion to bar introduction of the tape recording, Defense counsel argued that the Defendant Gonzalez had no knowledge of the consenting informant's close proximity to alleged co-conspirator Benitez while Benitez spoke on the cell phone.   Defense counsel analogized to two cases, United States v. Moncivais, 401 F.3d 751 (6th Cir. 2005) and United States v. Miller, 720 F.2d 227 (1st Cir. 1983), in which the respective courts held admissible telephone conversations recorded on 3-way calling where one party had consented to recording the conversation, and the Defendant had knowledge that a third-party was on the line.  Defense counsel argued that knowledge of the consenting informant's presence on the line in those cases was the dispositive factor.  Here, Defendant had no knowledge of the presence of a third-party

2

(the informant wearing a body microphone in Benitez's presence), and thus the Defense argues that the evidence should be barred.

In support of introducing the evidence, the United States contended that the intercepted communication was neither a wire communication under the terms of the wiretap statute, 18 U.S.C. § 2511, nor an oral communication exhibiting an expectation of privacy under 18 U.S.C. § 2510.  Because the consensual wire on informant Perez picked up only Benitez's words at the restaurant table, and did not intercept the separate wire conversation between Benitez and the Defendant, the government argued that the wiretap statute was not implicated.  The court has been called upon to decide whether the recording of one-half of a conversation picked up on an admissible consensual recording, but simultaneously conducted over telephone wires that were not intercepted, may be introduced into evidence.

## II.   Analysis

It is undisputed that the conversation between the informant Perez and the alleged co-conspirator Benitez was consented-to by Perez and was thus admissible in evidence.  See Katz v. United States, 389 U.S. 347, 351 (1967) ("[w]hat a person knowingly exposes to the public ... is not a subject of Fourth Amendment protection."); Hoffa v. United States, 385 U.S. 293, 303 ("The risk of being overheard by an eavesdropper or betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society.");  United States v. Lee, 359 F.3d 194, 201 (3d Cir. 2004) (noting the "well-established principle that a person has no legitimate expectation of privacy in conversations with a person who consents to the recording of the conversations.").  The question for purposes of this case is

whether Benitez's half of his conversation with another over the cellular phone may constitute an oral or wire communication, prohibited from use at trial under the federal wiretap statute.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 et seq, governs the interception of wire, electronic and oral communications by the government as well as private parties.  To fall within the protection of the statute, Defendant must establish that the intercepted communication falls within the definition of an oral or wire communication as those terms are defined in the statute.  Under the statute, an "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation[.]" 18 U.S.C. §2510(1). The interception of a wire or oral communication is permissible if one party to the communication has given prior consent to the interception.  18 U.S.C. §2511(2)(c).

The conversation at issue in this case was not a wire communication protected under the statute because the informant Perez consented to the interception and accordingly, Benitez is deemed to have consented.  See Lee, 359 F.3d at 201.  No prohibited electronic device was used to intercept Benitez's words.  Furthermore, no oral communication of Benitez warranted protection under the statute because Benitez's statements, both in talking to Perez and in talking on his cell phone, were made out loud at a table in a public restaurant, and thus did not exhibit a reasonable expectation of privacy under the circumstances.

In Siripongs v. Calderon, a police officer recorded the defendant, who was in police custody, speaking over a telephone to another party in Thailand (the home country of the defendant).  35 F.3d 1308 (9th Cir. 1994).  The court found the recording of the conversation admissible, holding that the conversation was an oral, not a wire communication, for which the defendant could not reasonably expect any privacy.  Id. at 1320.  ("The police did not 'intercept'

4

a wire communication within the meaning of this statute because they acquired only what they recorded Siripongs saying into the mouthpiece, not what was transmitted over the wire.") Benitez in this case is in an analogous situation to the defendant in <u>Siripongs</u>.  The words spoken on the other end of the line were not recorded by any wire intercept. While Benitez may have said words that suggested what the other party was saying to him, it is still only Benitez's words that were recorded by means other than a wire interception.  This is no different than if Benitez called, listened, and then told Perez what the person on the other end of the line had said.

The cases defendant cites are distinguishable because in those cases, the words that the defendant voiced were admitted into evidence by the interception of a wire communication. Both the <u>Moncivais</u> and the <u>Miller</u> courts found the Defendant's knowledge of a third-party on a telephone line to be an important factor in admitting the evidence of the Defendant's voice and words on the line.  <u>Moncivais</u>, 401 F.3d at 755; <u>Miller</u>, 720 F.2d at 228.  Here, the Defendant's words were not intercepted on a wire communication.  While consent may be critical to interception of a recorded wire, here the wire on which Defendant spoke was not intercepted.

The court is mindful of the reasoning of the Fourth Circuit, in <u>In re Askin</u>, 47 F.3d 100 (4th Cir. 1995), which warned of taking a bifurcated approach to an intercepted communication. In <u>Askin</u>, the police intercepted phone calls between Askin (an attorney) who spoke on a land-line or cellular phone and Brumbaugh (his client) who spoke on a cordless phone.  At that time, the wiretap statute made clear that the radio component of cordless phone conversations was neither a wire nor an electronic communication.  Thus, the police could intercept entire conversations through AM radio transmission of the handset to the base of Brambaugh's phone. The court rejected Askin's suggestion that the court take a bifurcated view of the conversations in question, finding instead that a "unitary view of an intercepted communication is appropriate."

5

Id. at 104-05 ("communication is by definition not a one-way street.... [i]t makes little conceptual sense to treat conversations as a series of discrete and independent parts rather than as a unified whole.").   Notwithstanding the wiretap statute (which had been amended by the time the case was on appeal), the Court went on to find that a bifurcated approach to the Fourth Amendment was incorrect, because "one half of a conversation is not readily separable at trial from the other." Id.

The case at bar is distinguishable from Askin in that the conversation between Benitez and the Defendant was, in fact, both separable and separate.  Whereas the Fourth Circuit found it impossible to separate an *entire* conversation that was recorded by then lawful means, here only half of the conversation was actually picked up via a body microphone attached to a person sitting and directly talking to the person whose words were heard on the body microphone.  The concerns that Askin raises about separating a unitary communication are not implicated in this case because the body microphone only picked up a separate part of the conversation as part of the words spoken by Benitez to Perez at the restaurant table.

III.   **Conclusion**

For the foregoing reasons, the Court does not suppress the body microphone recording of the words spoken by Benitez at the restaurant table on July 13, 2006 while Benitez spoke into his cellular phone during the conversation with Perez.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**