**NOT FOR PUBLICATION**                                                                                          **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal Case No. 07-748 (FSH) |
| v. | : |
| | : |
| EDWIN GONZALEZ, | : **OPINION & ORDER** |
| | : |
| Defendant. | : Date: July 13, 2009 |

**HOCHBERG, District Judge**.

This matter comes before the Court upon a motion by Defendant Edwin Gonzalez to dismiss the fine and restitution imposed on January 7, 2009. The Court having considered the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that on October 2, 2008, Defendant was convicted of one count of conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; and

it appearing that on January 7, 2009, Defendant was sentenced to imprisonment for a term of 85 months and supervised release for a term of 5 years; and

it appearing that Defendant was also ordered to pay a fine of $5000.00 and a special assessment of $100.00;[1] and

---

[1] The Final Presentence Report ("PSR"), prepared on January 6, 2009, found Defendant's Guideline total offense level to be 30. PSR ¶ 33. This total recommends a fine of between $15,000.00 and $2,000,000.00 pursuant to federal Sentencing Guidelines. PSR ¶ 80 (citing U.S.S.G. § 5E1.2(c)(3)). In recognition of Defendant's financial condition and limited ability to pay, as documented in PSR ¶¶64-69, the Court imposed only a fine of $5,000.00, waived the interest requirement of 18 U.S.C. § 3612(f)(3), and made such fine payable in monthly installments.

1

it appearing that on May 12, 2009, Defendant moved to dismiss the fine and special assessment; and

it appearing that the Government opposes Defendant's motion and argues that this Court does not have the authority to modify the fine imposed; and

it appearing that 18 U.S.C. § 3573 previously permitted a defendant to petition the court to remit or modify a fine, but that as a result of amendments made in 1987, this right no longer exists and § 3573 now permits only the government to petition a court for the remission or modification of a fine, *United States v. Kadonsky*, 242 F.3d 516, 520 (3d Cir. 2001) (citing *United States v. Seale*, 20 F.3d 1279, 1286 n. 8 (3d Cir. 1994) ("Previously, section 3573 permitted a defendant to petition the court to remit or modify a fine upon demonstrating that he or she had made a good faith effort to comply and that changed circumstances had rendered the fine unwarranted. ... Under the present statutory scheme, this right no longer exists. Rather, current section 3573 permits only the government to petition for modification or remission of a fine, and only upon the basis of administrative efficacy."));[2] and

it appearing that the government has not petitioned this Court to modify the fine and has indicated that it does not intend to so petition; and

---

[2] *See also United States v. Martinez*, 281 Fed. Appx. 39, 41 (2d Cir. 2008) (holding that under 18 U.S.C. § 3573 "the sentencing court may not modify the terms and conditions of the fine except 'upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective.'"); *United States v. Lambert*, 162 Fed. Appx. 616, *1 (7th Cir. 2006) ("Current federal law simply provides [defendant] no basis to ask the sentencing court to alter his fine."); *United States v. Morales*, 328 F.3d 1202, 1204-05 (9th Cir. 2003) (same); *United States v. Morris*, No. 07-151, 2008 WL 4186885, *1 (E.D. La. Sept. 10, 2008) (same); *United States v. Cox*, No. 3:02-CR-19, 2008 WL 2704601, *1 (M.D. Ga. July 3, 2008) (same); *United States v. Ionia Management, S.A.*, 537 F. Supp. 2d 231 (D. Conn 2008) (same).

it appearing that if Defendant were permitted to petition the Court to modify or remit the fine imposed, in contesting a sentence of a fine, "[t]he burden of persuasion is on the defendant to show that an inability to pay will be more likely than not," *Kadonsky*, 242 F.3d at 520 (citing *United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000)); and

it appearing that the Sentencing Guidelines highlight the "inability of a defendant to post bail bond ... and the fact that a defendant is represented by ... assigned counsel" as two factors that can be considered "significant indicators" of a defendant's inability to pay any fine, U.S.S.G. § 5E1.2, app. note 3; and

it appearing that Defendant retained private counsel throughout the entire court proceedings, including trial;[3] and

it appearing that although Probation found that Defendant was unable to pay a fine within the applicable guideline range, the PSR noted that "payment on a fine can commence through the Bureau of Prisons Inmate Financial Responsibility Program," thereby furthering Defendant's ability to pay the imposed fine, *see* PSR ¶ 69; and

it appearing, furthermore, that this Court must consider not only Defendant's current ability to pay a fine but his future earning capacity as well, *see Seale*, 20 F.3d at 1284 (noting that "[t]he possession of specialized skills ... which might enable one to acquire a well-paying job upon release from prison [is a] factor[] which courts have considered in determining ability to pay") (citations omitted); and

---

[3] Bail in this case was fixed at a $500,000 unsecured appearance bond, rendering the first factor inapplicable.

it appearing that Defendant has demonstrated the ability to maintain and succeed at steady employment as a machine operator for over ten years, indicating skills that might enable him to acquire a well-paying job upon his release; and

it appearing that Defendant has not met his burden of persuasion is to show that his inability to pay will be more likely than not,

**IT IS** on this 13th day of July, 2009,

**ORDERED** that Defendant's motion dismiss the fine and restitution imposed on January 7, 2009 is **DENIED**; and it is further

**ORDERED** that the fine of $5000.00 and the special assessment of $100.00 imposed by this Court shall not be modified.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.